UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMUEL CRUZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 17-682 (MAS)

**MEMORANDUM ORDER**

*Pro se* Petitioner Samuel Cruz, a prisoner formerly confined at the United States Penitentiary, Canaan, in Waymart, Pennsylvania, seeks to file a motion to vacate pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 1.) The Court administratively terminated the motion because Petitioner did not use the court-approved form as required by Local Civil Rule 81.2. (Order, Feb. 6, 2017, ECF No. 2.) The Court provided Petitioner the opportunity to amend, but Petitioner never responded. Instead, Petitioner filed a motion to obtain unspecified transcripts without fee in his criminal matter. (ECF No. 3.)

Federal law states that "[f]ees for transcripts furnished in proceedings brought under section 2255 . . . shall be paid by the United States . . . [only] if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Because Petitioner never perfected his § 2255 motion and failed to provide the reasons for requesting the unspecified transcripts in his motion for transcripts, the Court does not have the necessary information to determine whether the requested transcripts will be needed to decide the matter. Indeed, the initial § 2255 motion seems to suggest that Petitioner is raising a claim under *Beckles v. United States*, 137 S. Ct. 886 (2017). (*See* Mot. to Vacate 1, ECF No. 1.) *Beckles*, however, merely held that the Supreme Court's

decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not apply to Guidelines sentences. To the extent Petitioner is attempting to raise a *Johnson* claim, that claim is untimely, as the § 2255 motion was filed more than a year after *Johnson* was decided. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court[.]"); *Dodd v. United States*, 545 U.S. 353, 357 (2005) (holding that the one-year limitation period begins to run on the date the right asserted was initially recognized, not the date on which that right was made retroactive). As such, Petitioner has not established that the transcripts are necessary for the disposition of his § 2255 motion. Accordingly, Petitioner's motion for transcripts is denied. The Court further notes that the case shall remain administratively terminated until Petitioner cures the defects identified by this Court in its prior order.

**IT IS** therefore on this ___23rd___ day of October, 2017,

**ORDERED** that the motion for transcripts (ECF No. 3) is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

2